UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Michael M. Moffett,
    Plaintiff,

v.                                    Civil Action No._____

Scot Eckstein, Warden, Jeananne G. Zwiers, Susan Peters,
Jean Lutsey, Shane Garland, Allen DeGroot,
L. Alsum, Brad Hompe, and Cris O'Donnell.,
are being sued in their individual and
capacities.
    Defendant(s).

---

## COMPLAINT

---

### I. JURSDICTION AND VENUE

    1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of right secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343(1)(3). Plaintiff Moffett seeks declaratory relief, 28 U.S.C.§ 2201(a) 2000. Also Moffett Seeks compensatory and puntive damages, see Smith v. Wade, 461 U.S. 30(1983).

    2. The Eastern District of Wisconsin ia an appropriate venue under§ 28 U.S.C. 1915(A), because it is where the events giving rise to thsi cliam occurred.

### II. PLAINTIFF

    3. The plaintiff in this proceedings, Michael M. Moffett, is and was at all times incarcerated at Green bay Correctional Institution during the events in this complaint.

## III. Defendant(s).

4. The Defendant, Scott Eckstein was the warden of Green Bay Correctional Institution during the time of events in this complaint. He was legally responsible for the operation of Green Bay Correctinal Institution and for the welfre of all the inmate in the prison.

5. The defendant, Jeannne G. Zwiers, is and was the Health Service manager of Green Bay Correctional health department. She is responsible for the care provided to all inmates.

6. The defendant, Jean Lutsey is and was at all times a medical staff and committe representative of the health survice at the prison, during the time of the incident.

7. The defendant, Shane Garland, is and was at all times employed as the nurse at the prison.

8. The defendant, Allen DeGroot is an was at all times emplyed as the Institution COmplaint Examiner of the prison, he is responsible for investigating and reviewing any complaint presneted by the inmates in the prison.

9. The defendant, L. Alsum, is and was at all times employ as the Reveiwing Authority og the inmates complaint process, of the prison. and was during the time of this incident.

10. The defendant, Brad Hompe is and was at all times appointed as the Corrections Complaint Examiner of the department of Corrections, and was during the time of the incident.

10. The defendant, Susan Peters was at all time the Doctor at Green Bay Correction Instituion, when the incident occurred.

-2-

11. The defendant, Cris O' Donnell is and was at all times appointed as the Office of the Secretary for the Departemnt of Correction, and during the yime of this incident.

12. Each defendant is sued individaully and his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state and federal laws.

## IV. Facts

13. As the facts are confirmed, Moffett's medical record he was complaining to health servicenurses and doctors since 2011 , of complications with enlarged tonsils, Blockage of upper airway(sinus congestions), and classic episode of sleep apnea.

14. After mutliple complaints of syptoms of sleep apnea Moffett was eventually schduled for an appointment to be evaluated for sleep apnea.

15. On Janurary 2, 2017, Plaintiff Moffett was called to health service, where he was informedby Nurse Steve Bost, about a sleep study being conducted.

16. After Completing a questionair form, Moffett was equipped with a" " Polysomnography, by a female specialist,( name unable to translate).

17. The next day, January 3, 2017, Plaintiff Moffett was directed to the nurses station to return the device, and informed the results would take apprixamately afew days or one week.

18. On April 8, 2017, Plaintiff Moffett was called to health service. Defendant Garland informed Moffett,he was there to be equipped with A CPAP, because he had been diagnosised with

-3-

Obstructive sleep apnea.

19. On June 8, 2017, PlaintiffMoffett was called to health service for a follow-up by Nurse Garland.

20. Defenant Garland informed Moffett, he was in poor compliance with the usage of the CPAP for its required amount ot time. Moffett explaination for poor usage was do to complication of sinus congestion. Therefore Nurse Garland proscribed allege tablets and nasal spray.

21. On July 11, 2017, PlaintiffMoffett was called to health service for follow-up and complaint of the sinus congestion issue.

22. Defendant Peters, mentioned to Moffett about the recent notice of report of poor compliance with the CPAP. Again Moffett explianed to Doctor Peters of the blockage of the upper airway. thewrefore she proscribed Moffett " certerizine" 10mg, and advice Moffettto still make efforts to use CPAP dispite congestion, as a follow-up would be conducted in 8 weeks to review compliance.

23. On July 21, 2017, Plaintiff Moffettwas called to Health serviceby defendant Garland. Nurse Garlanddiscussed with Moffett about poor complaincewould result in dsicontinuation of CPAP. Again Moffett informed Nurse Garland that he was having differcult time using the CPAP due to blockage of the upper airway.

24. On August 28, 2017, Plaintiff Moffett was called to health service by Defendant Peters for a scheduled folloe-up.

]

25. During the follow-up Doctor Peters discussed with Moffet about the poor complaince with CPAP. As Moffett expalained to Doctor Peters That the CPAP was effective most on days Moffett wasn't asCongested, and requested medication that was tergeted to effect sinus congestion in particular. Doctor Peters, proscrib Over the counter nasal spray to be used prior to using CPAP.

26. On September 15, 2017, Plaintiff Moffett was called to health service by Defendant Garland, for a follow-up. At which time Nurse Garland informed Moffett that his CPAP was nowbeing discontinued.

27. THe CPAP was now discontinued, Moffett Continued to use the medication prosribed for sinus congestion. Moffett was left at thjesubject of the suffering of the Classic syphtoms ofsleep apnea, while at least with the CPAP gave some relief.

28. Plaintiff Moffett submitted a health service request, to Health service, on October 4, 2017.

29. On October 9, 2017 Plaintiff Moffett was called to health serviceby nurse( name unable to translate)., in notes.

30. PlaintiffMoffett,informed the nurse that he has suffered symptom of the sleep apnea even most at time without the CPAP. The nurse scheduled for Moffett to see the doctor.

31. On November 1, 2017, Plaintiff Moffett was called to health service, for an appiontment by defendant Peters. Where he discussed blockage of the upper airway and requested to be reinstated CPAP, as he wasn't intentionally not using the CPAP.

-5-

32. Defendant Peters reinstated Moffett with the CPAP, and evaluation in three months with report on compliance post-trial.

33. Along with the reinstatemnet of the CPAP doctor Peters prosrirbed Moffett Guaifenesin (The brand name Mucinex)., for colds claiming it would also relief Moffett's sinus congestion issue.

34. During this particular visit to Defendant Peters, Moffet requested potential surgery to deal with the blockage of the upper, and that Defendant Peters told Moffett if necessary surgery for his condidtion was unaffordable.

35. On Februrary 19, 2018, Plaintiff Moffett was called to health service by Defendant Garland, in regards to status of compliance with CPAP.. The CPAP was again discotinued.

36. According to Moffett he informed defendant Garland, he wasn't intentioal fpoorly using the CPAP, that it was the result of the sinus congestion suffered from.

37. In response Defendant Garland, proposed to Moffett he may need surgery to relief the blockage of the upper airway.

38. At which Moffett informed and explained to Defendant Garland he Moffett was confessed because Doctor Peters told him if necessary surgery was'nt available for this matter, because the institution health department couldn't afford its cost.

39. According to Moffett, Defendant Garland told him Defendant Peters's information was not true and that the institution health department provided care for all surgery if needed.

-6-

40. Nurse Garland appeared disappioted according to MOffet and informed MOffett he was going to go speak with Doctor Peters. because she shouln't had told Moffett such.

41. Nurse Garland exited the nurse's station and went to the doctor station, and returned to Moffett that he spoke with defendant Peters. , but provided Moffett with no details.

42. On May 30, 2018, Plaintiff Moffett was called to health serviceby defanfant Peters, of complaints of sinus congestion (blockage of the upper airway) and about symptom of sleep apnea.

43. Plaintiff Moffett during this particular visit to health service confronted Defendant Peters thathe discovered she had mislead him about whether sergery being unaffordable. Therefore again recommand Doctor Peters to recommand surgery.

44. Moffett informed defendant Peters that he was fileing a civilsuit as a result of her unprofessional conduct, when she told Moffett his cre if necessary was unaffordable.

45. On June 4, 2018 Plaintiff Moffett contacted defendant Lutsey via, institution requestform, accompanied with a letter explaining the incident with Defendant Peters. see:( Exhibit A).

46. Defendant Lutsey responded to Moffett request but failed to aknowlege the facts when Moffett explained in his statement that Doctor Peters , told him surgery was unaffordable. see:(Exhibit B).

47. Therefore, On july 7, 2018, Moffett again contacted defendant Lutsey and informed her, that she failed to aknowledge the incident of Doctor Peters basically misconduct. Ms. Lutsey never responded to Moffett's sewcond request.(See: Exbihit C).

-7-

48. As allowed, when Plaintiff Moffett didn't recieve a response from Defendant Lutsey he then filed an inmate complaint # 2018-14552. In the complaint Moffett stated the facts said in this civil complaint.

49. Defendant DeGroot, the complaint examiner failed to aknowledge the alleged violation committed by Defendant Peters.

50. Mr. Degroot, stated the ICE will not engage in an evalution o the quality of care verses the demostrated need as thats decision lays within the bounds of professional medical discertion. While assuming Moffett was trying to insert his belied or opinion as to his medical need. The complaint was dismissed. See:( Exhibit D).

51.

51. Defendant Alsum, agreed with the decision to dismiss Moffett's inmate complaint and adviced Moffett to work with his care provider.

52. After Moffett's inmate complaint was dismissed, he was able to speak with Defendat Degroot . At this point Moffett explained to Mr. DeGroot about the dismissal of the Complaint and inquired why did Mr. DeGroot failed to investigate the fact That Doctor Peters denied he medical care as she claimed it was unaffordable. Mr.Degroot stated he was going to look into the matter and asked did Moffett want the CPAP reinstated.

53. On July 31, 2018, Moffett filed an appeal againt the dismissal. Defendant Hompe was the correction complaint examiner. see:( Exhibit E).

54. Defendant Hompe, dismissed Moffett inmate complaint, deciding Moffett did not establish " deliberate indiffernce, finding Moffett was just in disagreement with reasonable care. See:( Exhibit F).

55. None of the eximiners investigated whether or not Defendant Peters told MOffett his care if necessary was unaffordable.

56. In conclusion of the facts, Plainatiff Moffett was diagnosised with " Obstructive sleep apnea", and was proscribed a CPAP. Defendant Peters and Defendant Garland did make efforts to being medical solution to the Sinus congestion affecting Moffett. However , When no medication worked and Moffett requested surgery Defendant Peters told him if necessary his care was unaffordable.

## V. EXHAUSTION OF LEGAL REMEDIES

57. Plaintiff Moffett used the correctional complaint procedure at Green Bay Correctional to try and solve the matter. Commence of the process was on July 7, 2018, August 31, 2018 was the end of the process, resulted dismissal.

## VI. LEGAL CLAIMS

58. Plaintiff Moffett reallege and incorporate by referance paragraphs 1-57.

### DELIBERATE INDIFFERANCE:

61. The Standard for " Deliberate Indifference" in medical care cases is the same two-part standard(objective and subjective To prove deliberate indifference, you must show that...

-9-

Case 2:18-cv-01873-WCG   Filed 11/28/18   Page 9 of 12   Document 1

....(1)priosn officials knew about serious medical need and(2) the prison official failed to respond reasonably to it. see: Estells v. Gamable, 426 U.S. 97, at 104, 97 S. CT. 285, 50 L. ed. 2d 251(1976) , Gudierrez v. Peters, 11 F.3d 1366(7th Cir. 1997).

1. The Plaintiff Moffett was diagnosised with a serious Medical condition,(Obstructive sleep apnea).see:(Exhibit G).

When obstructive sleep apnea is sevre, repeated bouts of sleep-related snorts and occur at night and sleepiness or involuntary naps occur during the day. Also, In obstructive sleep apnea, the risk of stroke, heart attack, and high blood-pressure is increased.

Treatment: Obstructive sleep apnea: benefit most predictably from continuos positive airway pressure(CPAP). And if, that not much effective surgery as a treatment, involving enlarge tonsil or an obvious blockage of the upper airway.

Which Moffett suffers from both enlarge tonsil and blockage of the upper airway.

2. Defendant Peters in particular failed to respond reasonably to Moffett know Medical need.

From the defendant's prospective insist Moffett was being non-compliance with the CPAP therapy, for no apparent reason. According to MOffett he informed Defendat Peters and Defendant Garland that the CPAP was effective, but because of the blockage of the upper airway, made it differcult at times to use the CPAP effectively. The medications for the sinus congestion Moffett suffered was noneffctive. Therefore, Moffett requested surgery to relief the blockage of the upper airway, and Defendant Peters told Moffett if necessary surgery was unaffordable. However, the law is ver clear. the prison health department can not deny necessary care, outside consultation or treatment on the grounds of cost. See: Monmouth County Correctional Institutional Inmate v. Lanzaro, 834 f.2d 326,337(1987); Ancata v. Prison Health service Inc.-769 f.2d 700(11th cir.1985).

-10-
Case 2:18-cv-01873-WCG   Filed 11/28/18   Page 10 of 12   Document 1

FAILURE TO ACT TO REMEDY A WROUG.

If a supervisor becomes aware of a violation of a plaintiff right, but fails to take steps to remedy the violation, as defendant Lutsey in Moffett's case failed to address whether or not defendant Peters denied Moffett care based on cost. Moffett sent Defendant Lutsey a second attempt to have her remedy the wroug but she ignored Moffett violation. see: **Williams v. Smith,** 781 F.2d 319, 324(2nd Cir. 1986). Failure to supervise a staff misconduct, when made aware of the violation, amounts to deliberate indifference. Also see: **Green v. Branson,** 108 f.2d 1296,1302( 10th Cir.1997).

62. The following Defendants: Mr. DeGroot, Alsum, Hompe, and O'Donnell are examiners of the inmate complaint process; none of them inquired whether or not Defendant Peters denied MOffett medical care based on cost.

## VII. PRAYER FOR RELIEF.

63. Plaintiff Moffett seeks a declaration that the acts and omissions descired herein violate his rights under the Constitution and laws of the United States, and

64. A permanent injunction ordering reinstatement of CPAP. and recommand surgery to relief Blockage of the upper airway.

65. Plaintiff seeks compensatory damages, of $250.00 a day "pain and suffering", at the point when Defendant Peters denied Moffett care based on cost, when if medical needs been met.

66. Plaintiff Moffett seeks puntive damages in the amount of 3,500.00 against each defendant jointly and servally.

-11-

67. Plaintiff Moffett seeks an additional puntive damages against defendant Peters as she was the specific violation, who ignited the denial of Medical care if necessary, based on claim that such treatment for Moffett was unaffordable, Therefore, Moffett seeks payment in the amount of 7,500.00.

68. Plaintiff Moffett also seeks a jury trial on all issues triable by jury.

69. Any additional relief this court deems just, proper, and equitable.

Dated: 11-27-18

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged on informationand belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Excuted at Green Bay, WI. on Nov. 27th of 2018.

*Michael M. Moffett*
Michael M. Moffett #384291
Green Bay Correctional Inst.
PO BOX 19033
Green Bay, WI 54307.